## BOOGHER v. NEECE et al., *Appellants.*

1. **Deeds:** COPY OF RECORD AS EVIDENCE: WAIVER. A certified copy of the record of a deed acknowledged in conformity to the laws of the Territory of Missouri in force when the acknowledgment was taken, may be admitted in evidence, without proof of the loss or destruction of the original. Under section 30 of the chapter on conveyances, (R. S. 1879, ⸹ 697,) an affidavit that the original is not in the power of the party offering the copy, is all that is necessary, and this will be deemed to be waived if the adverse party fails to object at the trial for want of such affidavit.

2 **Quit-claim Deed:** RECORD OF DEEDS. A quit-claim deed will pass

the title of the grantor as against a prior unrecorded deed from the: same grantor, provided the grantee have no notice of the prior deed.

3. *Questions of Law:* INSTRUCTIONS. Instructions which leave it to the jury to determine what facts constitute adverse possession or color of title, are properly refused.

*Appeal from Carroll Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

This was an action of ejectment for a tract of military bounty land in Carroll county. Plaintiff showed a patent from the United States to Wm. Clarke, a soldier of the war of 1812, a certified copy of the record of a deed from Clarke to Romulus Riggs, dated May 19th, 1819, recorded July 24th, 1820, and acknowledged in Pennsylvania on the day of its date in conformity with the laws of the Territory of Missouri, then in force, and a regular chain of conveyances from Riggs to Dameron, from whom plaintiff derived title by inheritance. Among these conveyances was a quit-claim deed from Conway to Barton for the consideration of $1, dated May 16th, 1856, and recorded June 28th, 1866. Defendants, on their part, offered evidence to show title in themselves by adverse possession, and also offered a deed from Conway to Wharton Rector, dated October 26th, 1826, but not recorded in Carroll county until 1873.

Defendants asked and the court refused the following declarations of law:

2. A quit-claim deed passes the title as the grantor therein held it, and the grantee in such deed takes only such title as the grantor could lawfully convey; and the deed from Conway to Barton, dated in 1856, which was read in evidence, being only a quit-claim deed for a nominal consideration passed to said Barton only such title as Conway could at that time lawfully convey; and if Con-

way prior thereto had conveyed said land to Wharton Rector, then no title passed by the deed to Barton.

3. The deed from Conway to Barton being a quit-claim deed for a nominal consideration cannot prevail over the unrecorded deed from Conway to Rector made prior thereto ; and said Barton claiming under such deed cannot be considered an innocent purchaser for a valuable consid-eration without notice.

4. The record of the deed from Conway to Rector, which was read in evidence, shows that at the commence-ment of this suit, the title to the land in question was out-standing, and plaintiff cannot recover.

5. If the defendants were in the adverse possession of the land in question under claim and color of title for two years next before the commencement of this suit, the plaintiff cannot recover.

There was a verdict and judgment for plaintiff, and defendants appealed.

*L. H. Waters* for appellants.

*Hale & Eads* for respondent.

HOUGH, J.—The record of the deed from Wm. Clarke, patentee, to Romulus Riggs, dated May 14th, 1819, recorded July 24th, 1820, and acknowledged in Pennsylvania on the day of its date in conformity with the laws of the Territory of Missouri, then in force, was properly admitted in evidence. It was unnecessary to make proof of the loss or destruction of the original, inasmuch as the deed was acknowledged according to the laws then in force here, and under section 30 of the chapter on conveyances, (Wag. Stat.) a certified copy can be used as evidence upon making affi-davit that the original is not within the power of the per-son wishing to use the same. No objection was made when this deed was offered in evidence that such affidavit had not been made, and it is competent for a party to waive the necessity for such affidavit.

25—75

The second, third and fourth instructions asked by the defendants, were properly refused. They declare in substance, that a quit-claim deed offered in evidence in the plaintiff's chain of title, was insufficient to pass the title of the grantor therein as against a prior unrecorded conveyance from the same grantor. These instructions contain no qualification as to notice of such unrecorded conveyance, on the part of the grantee in the quit-claim deed, and are, therefore, in conflict with the recent decision of this court in *Fox v. Hall*, 74 Mo. 315.

Instruction numbered five, was properly refused for the reason that it left it to the jury to determine what constitutes adverse possession and also what constitutes color of title. These were questions of law to be determined by the court with reference to the facts offered in evidence. The judgment of the circuit court will be affirmed. The other judges concur.