TRIGG v. VERMILLION *et al.*, *Appellants.*

Division One, December 22, 1892.

1. **Vendor's Lien:** WAIVER: MORTGAGE.   A vendor's lien is not waived by his taking a mortgage upon the land conveyed to secure the purchaser's notes for the price.

2. **Mortgage:** RECORD TITLE.   A mortgage to secure a loan made on the faith of a clear record title takes precedence of another mortgage, recorded later, to secure the purchase price of the title, in the circumstances stated in the opinion.

3. **Equity:** MAXIM.   This case illustrates the maxim, that, "equity follows the law," and that, "he who is prior in time is stronger in right."

*Appeal from Bates Circuit Court.*—HON. C. W. SLOAN, Judge.

AFFIRMED.

*Page & Denton* for appellant Beckett.

(1) It is but common learning that a mortgage for purchase money, executed simultaneously with the deed to the purchaser, takes precedence and priority over liens arising through the mortgage.   Jones on Mortgages, secs. 464-5-6; Pomeroy on Equity Jurisprudence, sec. 725; *Rogers v. Tucker*, 94 Mo. 351.   (2) The vendor, by making a conveyance and at the same time taking back a mortgage on the same property for a part of the purchase maney, does not lose his vendor's lien.   It simply becomes merged in the mortgage, not lost.   *Morris v. Pate*, 31 Mo. 315; *Linville v. Savage*, 58 Mo. 254; *Rogers v. Tucker*, 94 Mo. 346; *Walker v. Buffomdean*, 63 Cal. 312; *Boyd v. Mundorf*, 30 N. J. Eq. 545.   (3) Beckett must of necessity have had a reasonable time within which to record his mortgage. This court has frequently decided that a mortgage filed

for record on the day it was executed was filed within a reasonable time. *Turk v. Funk*, 68 Mo. 18; *Bryson v. Penix*, 18 Mo. 13; *Wilson v. Milligan*, 75 Mo. 42. (4) A mortgage given to a vendor to secure an unpaid balance of purchase money of land and recorded on the same day has a priority of one given by the vendee before he concluded the purchase to a person who furnishes him the money to make a cash payment, notwithstanding the latter is recorded first. *Turk v. Funk*, 68 Mo. 18; *Rogers v. Tucker*, 94 Mo. 352; *Dyer v. Martin*, 4 Scam. (Ill.) 146; *Dusenbury v. Hurlburt*, 59 N. Y. 541; 5 Allen, Mass. 509. (5) The circumstances attending the sale and conveyance of the land by Beckett, and the payment of a part of the purchase money to him, were sufficient to put Tucker upon his inquiry as to whether the balance had been paid, and his failure to make such inquiry when the information was easily accessible is equivalent to actual notice. *Williamson v. Brown*, 15 N. Y. 362; *Ellis v. Horeman*, 90 N. Y. 466; *Kennedy v. Green*, 3 Mylne & Rees, 699; *Flagg v. Mann*, 2 Summers, 554; *Whitebread v. Jordon*, 1 Young and Coll. 303; *Grunstone v. Carter*, 3 Paige Ch. (N. Y.) 421; *Taylor v. Booker*, 5 Price, 306; *Jackson v. Post*, 15 Wend. 588. (6) Notice is actual where the purchaser either knows of the existence of the adverse claim or title, or is conscious of having the means of knowing, although he may not use them. It is a fact to be proved like other facts, by evidence, direct or circumstancial. *Speck v. Riggin*, 40 Mo. 405; *Maupin v. Emmons*, 47 Mo. 307; *Lamay v. Poupenz*, 35 Mo. 71.

*Draffen & Williams* for respondent.

(1) While "it is but common learning that a mortgage for purchase money, executed simultaneously

with the deed to the purchaser, takes precedence and priority over liens arising through the mortgagor;" it is, also, equally well settled that, "although executed and delivered at the same time, so that they take effect upon the estate at the same instant, if the recording of the purchase money mortgage is delayed, and the other is first recorded, it will, in the absence of any notice of the purchase money mortgage, be held to be. the superior in right." 1 Jones on Mortgages [2 Ed.] secs. 568–570; *Peabody v. Roberts*, 47 Barb. 91; *Bank v. Whitney*, 13 Otto, 99; *Bowman v. Lee*, 48 Mo. 335. (2) It is unnecessary to consider whether a vendor who takes a mortgage upon the property sold for part of the purchase money thereby loses his implied lien. Such a lien cannot exist against an innocent purchaser for value or a mortgagee who parts with his money upon the faith of a clear record title, and without notice that the purchase money is unpaid. The appellant cannot be aided by any claim of a vendor's lien. He is in as good position to rely upon his mortgage as upon such a lien. There is no pretense that Tucker had any notice that any portion of the purchase money was unpaid unless he had notice of the Beckett mortgage. In the absence of notice that the purchase money was unpaid no vendor's lien can exist in favor of the appellant in this case. *Zoll v. Carnahan*, 83 Mo. 35; *Moeller v. Holthaus*, 12 Mo. App. 526; *Brown v. Barrett*, 75 Mo. 275. (3) The contention of the appellant that a vendee or mortgagee has "a reasonable time" to file his deed or mortgage for record, and that if filed on the day of its execution it is within "a reasonable time" cannot be successfully maintained. 1 Revised Statutes, 1889, secs. 2419–2420; *Lemon v. Staats*, 1 Cowen, 592; 1 Jones on Mortgages, sec. 543; *Spaulding v. Scanland*, 6 B. Mon. 353. The court below was justified in finding that the officers of the

Walton & Tucker Land Mortgage Company had no notice of the prior mortgage to Beckett. They had no motive for joining Crow in an effort to swindle or rob the appellant. *Drey v. Doyle,* 99 Mo. 459; 1 Jones on Mortgages, sec. 570.

BARCLAY, J.—This is an action of ejectment with an equitable defense. The substance of the litigation is a difference as to the priority in equity between two mortgages.

Plaintiff asserts title under that which we shall designate as the first; the defendants claim under the other, the second. Each was executed and acknowledged correctly, in respect of form, and purported to convey the same tract of land to secure payment of sums of money; but the first was recorded at 12:30 P. M. and the second at 1:45 P. M. of the same day, May 19, 1886.

It will not be needful to spread on our record all the details of the transaction. The gist of it is that a third party to the case, Mr. Crow, entered into an agreement with Mr. Beckett to buy this land; and, as part of the purchase, was to execute a deed of trust in the nature of a mortgage to Mr. Beckett to secure the greater portion of the purchase price, viz. $3,300.

Before this arrangement was carried out, Mr. Crow negotiated with the Walton & Tucker company for a loan of $3,000 upon the same land, which he represented he was about to buy of Mr. Beckett. The company (after some delay for the purpose of having the title examined) agreed to make the loan upon Crow's acquiring a clear title. Beckett executed a deed of full warranty to Crow at the office of the company and delivered it to Crow. This having been placed of record, the mortgage by Crow, in favor of a trustee for the company, to secure the $3,000 was then given and filed for record

at 12:30 p. m. and that sum was accordingly advanced to Crow by the company. Later in the day (at 1:45 p. m.), the mortgage of Crow to Beckett (to secure the unpaid part of the purchase money) was recorded.

Beckett the next day became aware of the real condition of affairs as above disclosed, and began an attachment suit against Crow on the ground of fraud.

For the purposes of the present appeal we shall treat the plaintiff as occupyng the same position as the Walton & Tucker company that made the loan to Crow, though in fact plaintiff is the holder of the secured note by assignment or purchase from that company.

The trial court found for the plaintiff, and defendants appealed.

I. A mortgage (covering only the land conveyed) received by a vendor to secure the vendee's notes for the price does not constitute a waiver of the vendor's lien. This is a settled rule in Missouri.

But our registry laws declare that no instrument in writing affecting title to real estate shall be valid "except between the parties thereto, and such as have actual notice thereof, until the same shall be deposited with the recorder for record." Revised Statutes, 1889, sec. 2420.

It follows that, where a loan is made upon the credit of an ostensibly clear record title, and an instrument securing the loan is duly recorded, that security cannot be impaired by the later record of a mortgage to the vendor to secure the purchase price of the title, where the lender had no notice of the facts creating a vendor's lien at the time of making the loan.

The case at bar is distinguishable from *Turk v. Funk*, 68 Mo. (1878) 18, in this, that there the loan was made, not upon a clear record title in the borrower, but upon a lesser equitable estate vested in him, whereas here the entire title had passed to Crow, and

upon that title the Walton & Tucker company advanced the funds which their mortgage was intended to secure.

In *Rogers v. Tucker*, 94 Mo. (1887), 346 (another precedent relied upon by defendants), it appeared that all parties to the transaction were informed of the actual state of the title; and, hence, it was naturally held that a vendor's lien embodied in his mortgage was prior in right to another lien given to a third person to secure a loan of part of advances toward the purchase money.

But in the case before us the important element of notice to the lender of the vendor's rights in the premises, which dominated that judgment, is wanting. Had the lending company here been informed (or was it chargeable in equity with notice, in the circumstances) of the real facts, touching the non-payment of the purchase money, the equities of the parties would be wholly different.

But equity follows the law, and cannot properly ignore the positive statute above quoted touching the effect to be given to the registry of deeds. It cannot rightly promote a vendor's lien to a priority forbidden by the law as it is written.

II. The real issue in the case was one of fact, viz.: Whether or not the officers and agents of the Walton & Tucker company were affected with notice of the non-payment of the purchase price by Crow. We have reviewed the testimony on that point, and from it conclude that those agents were quite as much surprised at the later disclosure of Crow's manœuvers in regard to the title as was Mr. Beckett. They seem to have been purposely kept in ignorance of the true state of affairs; and, unfortunately, Mr. Beckett's infirmity of deafness, made it possible for him to be used, as he was used, to promote the scheme of deception practiced on the company as well as on himself.

The learned circuit judge, who had the advantage of a personal view of the parties, reached a finding for plaintiff, and in so doing we think he was right. The judgment is affirmed. SHERWOOD, C. J., BLACK and BRACE, JJ., concur.