LADD *et al.* v. ANDERSON *et al.*, *Appellants.*

### Division One, March 24, 1896.

**Deeds of Trust:** RECORD: PRIORITY.  Under the provisions of section 2420, Revised Statutes, 1889, to the effect that instruments in writing conveying real estate or affecting the same shall not be valid, except between the parties thereto or those having actual notice thereof, until the same shall be deposited with the recorder for record, a deed of trust first duly recorded is superior to one previously executed, but which had not been deposited for record and of which the later grantee had no notice.

*Appeal from Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*T. J. Mauldin* and *Thomas Connelly* with *Linus Sanford* for appellants.

(1)  The evidence shows that the deed of appellants is perfect, as well as first in point of time, and executed for a part of the consideration to be paid for the land.  Then they have the superior equity.  1 Story's Equity, sec. 176 [8 Ed.], and cases cited.  (2) A chancery court never interferes to aid a mistake by correcting a deed, except where a superior equity is shown.  Appellees acquired no rights under their deed, because they have no descriptions of the land.  They have no equity.  1 Story's Equity [8 Ed.], sec. 176; Bingham's Equity, sec. 182; Tiedeman's Equity, secs. 22, 23, and 40; Waterman on Specific Performance, sec. 384.  (3)  But we have added to the first deed of trust a vendor's lien for part of the purchase money.  This alone would give us the superior right.  *Turk v. Funk,*

68 Mo. 18; *Rogers v. Tucker*, 94 Mo. 346; 2 Pingrey on Real Estate, sec. 827; 2 Pomeroy's Equity, sec. 724. It may be admitted, for all the purposes of this case, that both creditors Birchfield and Mathews have been acting in good faith. Certainly appellants can be charged with no laches, except a failure to file the mortgage for record. Any notice to Boughton is notice to Mathews, especially as Boughton conducted all of his business. He who refuses to investigate is chargeable with notice, and any such notice of a claim as will put reasonable men on their guard is notice of all such matters as a full and fair investigation will disclose. *Rhodes v. Outcalt*, 48 Mo. 367; *Maupin v. Connors*, 47 Mo. 306. But the deed to Ladd as trustee for Mathews does not describe the land, and appellant can not be chargeable with notice. *Cass County v. Oldham*, 75 Mo. 50.

*Wilson Cramer* for respondents.

(1) Mathews' right to have the deed reformed is not debatable. (2) Birchfield, by delivering his deed to Anderson before even his own deal with him was completed, and by withholding his deed of trust from record, put it in the power of Anderson to obtain the loan from Mathews on his apparent unincumbered ownership of the land. (3) It is conceded that the taking of a deed of trust from Anderson did not destroy Birchfield's vendor's lien, but respondents insist that it would be inequitable and unjust under the circumstances to permit this lien to take precedence of Mathews' claim. To do so would be to give Birchfield $300 of Mathews' money besides the entire land as security for the $900 due from Anderson, and cause Mathews to lose the $200 retained by Anderson. (4) The deed of trust to Mathews was recorded October

23, 1889, while the one given to Birchfield for the unpaid purchase money was not recorded till November 2, 1889, and it is shown that Mathews had no notice of the latter. The case therefore falls within the rule laid down in the case of *Trigg v. Vermillion*, 113 Mo. 230. (5) All of the parties concerned were brought before the court, and the court, having full jurisdiction of the parties and subject-matter, did right in determining their respective interests and making a complete disposition of the matters involved.

BRACE, P. J.—One Anderson Birchfield by warranty deed dated the eighteenth of October, 1889, and recorded on the twenty-third day of October, 1889, conveyed to the defendant James P. Anderson "the south half of lot 1 of the southwest quarter, and the south half of lot 2 of the southwest quarter, of section 6, township 24, *range 10*, containing seventy-nine and sixty-four hundredths acres" in Stoddard county. The said defendant James P. Anderson by his deed dated the eighteenth day of October, 1889, conveyed the said real estate to James Birchfield, in trust to secure the payment to said Anderson Birchfield of three promissory notes of that date, each for the sum of $300, payable to his order with ten per cent interest; one on the first day of January, 1892, one on the first day of January, 1895, and the other on the first day of January, 1897. This trust deed was acknowledged the same day, and filed for record and recorded on the second day of November, 1889. The said defendant James P. Anderson by another deed dated the twenty-first day of October, 1889, conveyed to the plaintiff, F. M. Ladd, the south half of the southwest quarter of section 6, township 24, *range 9*, in Stoddard county, in trust to secure the payment to plaintiff Charles D. Mathews of three promissory notes of that date—one

for $100, payable two years after date, one for $200, payable three years after date, and one for $200, payable four years after date, all bearing ten per cent interest. This trust deed was acknowledged the same day, and filed for record and recorded on the twenty-second day of October, 1889.

On the fourth of August, 1890, the said Ladd and Mathews instituted this suit against the said Anderson and Birchfield to reform said last trust deed from Anderson to Ladd by making the same read *range 10* instead of *range 9*, and to declare the same a prior lien upon the real estate first hereinbefore described. From the decree of the circuit court reforming said last mentioned deed of trust and adjudging the same to have priority over the deed of trust executed by Anderson to Birchfield on the eighteenth day of October, 1889, as prayed for, the defendants appeal.

1. The following abstract exhibiting these conveyances chronologically will assist the inquiry:

1889.

Oct. 18—Deed from A. Birchfield to Anderson.

Oct. 18—Trust deed from Anderson to J. Birchfield for A. Birchfield.

Oct. 21—Trust deed from Anderson to Ladd for Mathews.

Oct. 22—Trust deed to Ladd recorded.

Oct. 23—Deed to Anderson recorded.

Nov. 2—Trust deed to Birchfield recorded.

There was ample evidence to sustain the court in reforming the deed of trust from Anderson to Ladd for the benefit of Mathews, dated the twenty-first, and recorded on the twenty-second day of October, 1889, and it is conceded that when so reformed it would cover the same land conveyed by the prior deed of trust from Anderson to J. Birchfield for the benefit of A. Birchfield, dated the eighteenth day of October and recorded on the second day of November, 1889, and the only question on this appeal is whether the court committed error in adjudging that the later deed of

trust to Ladd when so reformed became a lien superior to that of the prior deed of trust to Birchfield.

The evidence tended to prove that the consideration of the warranty deed from Birchfield to Anderson was $1,200, and that the notes for $900, to secure which the deed of trust from Anderson to Birchfield was given, were for so much of the purchase money for said land; that prior to the execution of the deed Anderson applied to one Boughton, agent of the plaintiff Mathews, for a loan of $300 to pay Birchfield on the land for which he seems then to have bargained, which Boughton promised to let him have; that no money was paid by Anderson to Birchfield on the eighteenth of October when the deed of Birchfield to Anderson, and the deed of trust by Anderson back to Birchfield for $900 of the purchase money, were executed; that the deed was delivered to Anderson and the deed of trust to Birchfield, who retained the latter until the second of November when it was placed upon record; that on the twenty-first of October, Anderson with Birchfield's deed in his possession went to Boughton to get the money which he had promised him, handed Boughton the deed, who sat down with the deed before him, and drew the notes and deed of trust of that date for the benefit of his client Mathews, by mistake writing range 9 for range 10; that he let Anderson have part of the money that day and the remainder on the twenty-sixth of October, $300 of which he testifies he paid to Birchfield on the land. This $300 was evidently the cash payment, and the three promissory notes for $900, secured by his trust deed, were for the balance of the purchase money for the land which A. Birchfield by his warranty deed of the eighteenth of October conveyed to Anderson. Birchfield by delivering this deed to Anderson clothed him with the apparent absolute ownership of the land and

enabled him to obtain the loan for which the deed of trust to Ladd, for the benefit of Mathews, was given.

The court found that at the time of making said loan and the execution of said deed of trust, neither Ladd, the trustee, Mathews, the beneficiary, nor the agent who negotiated the loan, had any notice of the indebtedness by Anderson to the said A. Birchfield or of the said deed of trust to J. Birchfield for his benefit. This finding is supported by the evidence, and as that deed of trust had not at that time been deposited with the recorder for record, and these parties had not actual notice thereof, the same was invalid as to them (sec. 2420, R. S. 1889) and their deed of trust must be preferred to it. *Trigg v. Vermillion*, 113 Mo. 230. The court therefore committed no error in holding that the deed of trust from Anderson to Ladd, trustee, recorded on the twenty-second of October, 1889, was superior to that from Anderson to Birchfield, trustee, recorded on second of November, 1889. The judgment is affirmed. All concur.