Heman v. Wade.

AUGUST HEMAN et al., Respondents, v. WILLIAM WADE et al., Appellants.

| 74 | 339 |
|----|------|
| 92 | 513 |
| 74 | 339 |
| 95 | [1]719 |

St. Louis Court of Appeals, March 29, 1898.

1. **Injunction:** TRESPASS. The right as owners of the premises under the deed to the plaintiffs to restrain the defendants from the commission of repeated and continuous trespasses during the pendency of an action of ejectment for the recovery of the possession of the premises, is the well settled law of this state.

2. **Equity:** JURISDICTION: INJUNCTION. The jurisdiction in such cases must rest upon some recognized ground of relief in equity, such as the probability of irreparable injury, the inadequacy of legal remedy, or the prevention of a multiplicity of suits.

*Appeal from the St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

ALFRED GFELLER for appellants.

A court of equity will not restrain the continuation of a trespass upon realty where an adequate remedy at law may be had, unless the trespass threatened or committed is of a nature to permanently injure or destroy the inheritance or otherwise inflict such irreparable mischief as is not susceptible of adequate compensation by way of pecuniary damages. Boeckler v. R. R., 10 Mo. App. 448 (opinion on motion for rehearing); R. R. v. Maddox, 92 Mo. 469; Thias v. Siener, 103 Mo. 314; Spitz v. Kerfoot, 42 Mo. App. 77. Where the injury complained of is susceptible of

perfect pecuniary compensation and one for which satisfaction in damages can be had at law the injunction will be withheld.   Cockey v. Carroll, 4 Md. Ch. 344; Amelung v. Johnson, 9 Gill & J. 468.

T. J. Rowe for respondents.

The evidence proved that the defendants were guilty of a continuing trespass and equity will interfere by injunction to restrain such a trespass.   High on Inj., sec. 709; 3 Pom. Eq., secs. 1356, 1357; Hughes v. Burus, 85 Mo. 660–668; Towne v. Bowen, 81 Mo. 491; Turner v. Stewart, 78 Mo. 480; Bank v. Kercheval, 65 Mo. 682; Lockwood v. Langsford, 56 Mo. 68–78; Weigel v. Walsh, 45 Mo. 560; Echelkamp v. Schrader, 45 Mo. 505; 22 Mo. App. 462; 34 Mo. App. 49.

Bond, J.—Plaintiffs as the transferees of a land contract made with P. H. Clark by the owner of certain building lots in the city of St. Louis, acquired a deed in fee simple to the lots in question.   In the interim between the making of the contract by the owner of the land with P. H. Clark and the execution of the deed to plaintiffs in pursuance of such contract, the owner leased the premises in question to the defendants in this case for a term of three years, giving them the privilege of quarrying rock on the land, but providing that this lease should terminate whenever a deed to the land was made to Clark or his assignee in pursuance of the executory agreement had with him by the owner of the land.   After the deed to plaintiffs defendants refused to deliver possession of the land. Thereupon plaintiffs instituted an action of ejectment and also an action of unlawful detainer, and pending the litigation in these suits brought the present action

to restrain defendants from quarrying on said land, alleging that in so doing they destroyed the value of the property for residence sites and inflicted irreparable injury. The court awarded a writ of injunction as prayed. Defendants answered, admitting the record title alleged by plaintiffs, but denied its legal effect as against the lease under which they were in possession of the land. Thereafter defendants moved the court to dissolve the injunction for want of equity on the face of the bill. On the hearing of this motion defendants gave no testimony, but plaintiffs adduced in evidence the written muniments of title referred to in their petition, and also gave evidence showing that defendants had quarried two thousand, two hundred cubic yards of rock. The court overruled the motion to dissolve the injunction and continued the restraint of the writ, until the determination of the pending actions of ejectment and unlawful detainer between the same parties. From this judgment defendants appealed to this court.

The action of ejectment between these parties, in aid of which the present proceeding was instituted, has been finally determined by the supreme court of this state, all of the issues being adjudged in favor of the plaintiffs. Heman v. Wade, 41 S. W. Rep. 740. Under that decision the defendants in this suit did not have a shadow of right to the occupancy or the use of the premises after the deed of the owner to plaintiffs. The conclusion of the supreme court to this effect was rested upon the fact, that the lease of the premises under which defendants claimed, expressly provided that it should terminate upon the execution of a deed in pursuance of an outstanding contract to convey made by the owner with one P. H. Clark, and which was assigned by the latter to the plaintiffs.

Plaintiffs' right, as owners of the premises under

the deed to them, to restrain the defendants from the commission of repeated and continuous trespasses during the pendency of an action of ejectment for the recovery of the possession of the premises, is well settled by the text-books and the decisions. Pom. Eq. Jur., secs. 1356, 1357, and notes; 2 Beach on Mod. Eq., secs. 713, 721 and 724. The jurisdiction in such cases must rest upon some recognized ground of relief in equity, such as the probability of irreparable injury, the inadequacy of legal remedy, or the prevention of a multiplicity of suits, and while it is guardedly exercised prior to the establishment of plaintiffs' title at law, yet where plaintiffs' title is undisputed or has been determined in his favor by suit at law, the right to such relief is unquestionable. 2 Beach on Mod. Eq., sec. 724; Echelkamp v. Schrader, 45 Mo. 505. The allegations contained in the petition in this cause warranted the issuance of a writ of injunction. The evidence adduced on the motion to dissolve, after answer justified the court in continuing the restraint of the writ until the determination of the suit between the parties for the establishment of plaintiffs' title, as against the lease to defendants to the land in question. The decision of the supreme court settled conclusively and finally the issue as to the title and possession in favor of the plaintiffs, hence there is no merit in the appeal taken by defendants in the present case. The order and judgment of the trial court is therefore affirmed. All concur.