OF THE

, STATE OF MISSOURI

AT THE

OCTOBER TERM, 1910.

---

*(Continued from Volume 233)*

---

JOHN A. ANDERSON, Appellant, v. JOHN COLE
and JOHN LIGHT.

Division One, March 31, 1911.

1. TITLE: Priority of Deeds: Priority of Record: Proof of Con-
sideration. A deed for a recited consideration of "$3000 (and
the exchange of other property) in hand paid by the said"
grantee, and recorded one year prior to the time a prior deed
made by the same grantor was recorded, prima-facie carries the
title. . It is not incumbent upon the grantee in the deed· first
recorded to show it was based upon a valuable consideration.

2. CONVEYANCE: Recital of Consideration: Burden of Proof.
A recital in a warranty deed of the payment of the valuable
consideration mentioned, is sufficient evidence of its payment;
and places the burden on the grantee of a prior deed subse-
quently recorded, to show the consideration was not paid.

3. ————: Recitals in Ancient Deeds. Recitals in ancient docu-
ments are evidence of the facts stated therein; and a deed ex-
ecuted and recorded in 1878, and offered in evidence in 1907,
is such a document.

234 Sup.—1                    (1)

Appeal from Reynolds Circuit Court.—*Hon. Joseph J. Williams,* Judge.

Reversed and remanded (*with directions*).

*R. I. January* and *A. Lowenhaupt* for appellant.

(1) The court erred in holding that there was no evidence that Swope, plaintiff's grantor, who acquired by deed, prior of record, but subsequent of date, was a purchaser for value. The recital in the deed of the payment of a consideration is sufficient evidence of the giving of value. Ward v. Isbill, 73 Hun (N. Y.) 550; Ryder v. Rush, 102 Ill. 338; Roll v. Rea, 50 N. J. L. 264; Allen v. Kennedy, 91 Mo. 324; Drey v. Doyle, 99 Mo. 459; Strong v. Whybark, 204 Mo. 341. (2) The deed to Swope was dated January 8, 1878, and recorded March 15, 1878. The case was tried on December 2, 1907. This deed is an ancient document and the recitals therein are evidence of the facts therein contained. 12 Vin. Abr. 57; Everley v. Stoner, 2 Yeates (Pa.) 122; 4 Ency. Evidence, 187; Fulkerson v. Holmes, 117 U. S. 389; Paxton v. Price, Yeates (Pa.) 500; Bowser v. Cravener, 56 Pa. St. 132; Sharff v. Keener, 64 Pa. St. 376; Davis v. Gaines, 104 U. S. 386; Grant v. Searcy, 35 S. W. 861; 2 Am. and Eng. Ency. Law (2 Ed.), 331.

WOODSON, J.—This is an ejectment suit, instituted by the plaintiff in the circuit court of Reynolds county, against the defendant, to recover the possession of parts of lot one of the northwest quarter of section three, and the east half of lot one of the northeast quarter of section four, township thirty-three north, range two east.

The petition was in conventional form, and the answer consisted of a general denial and a plea of *res adjudicata,* which set up a former judgment in an

ejectment suit between the same parties involving the same land. Upon defendant's motion this plea was by the court stricken out.

William J. Luis was the common source of title, who derived title through mesne conveyances from the United States in the year A. D. 1865.

The plaintiff claims title to the land through mesne conveyances from one Allen S. Swope, by a general warranty deed, dated January 8, 1878, for a recited consideration of $3000. (and the exchange of other property) in hand paid by the said Swope. This deed was recorded March 15, 1878. The plaintiff's evidence showed that the defendant was in the possession of the premises at the time the suit was brought.

The defendant deduced title through mesne conveyances from Hugh H. Alexander, who claimed from said Luis by deed, dated September 25, 1873, and recorded May 24, 1879.

Upon that showing, the circuit court found for the defendant, and entered judgment accordingly. Timely motion for a new trial was filed, and after being overruled, the defendant duly appealed the cause to this court.

There is but a single proposition involved in this case, and that is, does the deed through which the plaintiff claims title, which was executed approximately five years subsequent to the deed through which the defendant claims, but recorded about a year prior thereto, take precedence over the latter?

It appears from the record that the trial court was of the opinion that it did not, for the reason that the prior recordation of plaintiff's deed did not cut out the previously executed deed of defendant, because the plaintiff did not show that the former was based upon a valuable consideration.

The law is well settled that a deed first executed will take precedence over a subsequent one, even though the latter is first recorded, without the latter

is based upon a valuable consideration. That proposition is not denied by counsel for plaintiff. They do contend, however, that the record in this case shows that the subsequent deed was executed for a valuable consideration, and that it was duly recorded without notice of the existence of the previous deed.

In our opinion this contention of plaintiff is well taken. The record shows that the subsequently executed deed recites that it was executed in consideration of $3000, and for the exchange of other property, and it also acknowledges receipt of the same.

The receipt thus given for the purchase price of the land made out a prima facie case for plaintiff, and the burden of overcoming it rested upon the defendant, which he did not undertake to do, but stood alone on the previously executed deed. The law is well settled here and elsewhere, that the recital in the deed of the payment of the consideration is sufficient evidence of the payment of value for the land. [Bobb v. Bobb, 89 Mo. 419; Allen v. Kennedy, 91 Mo. 324; Drey v. Doyle, 99 Mo. 459; Strong v. Whybark, 204 Mo. 341; Ward v. Isbill, 73 Hun (N. Y.) 550; Ryder v. Rush, 102 Ill. 338; Roll v. Rea, 50 N. J. L. 264.]

It is also a familiar rule of evidence that the recital in ancient documents are evidence of the facts stated therein; and this deed comes within that classification. [Everley v. Stoner, 2 Yeates (Pa.) 122; Fulkerson v. Holmes, 117 U. S. 389; Paxton v. Price, 1 Yeates (Pa.) 500; 12 Vin. Abr. 57; Bowser v. Cravener, 56 Pa. St. 132; Davis v. Gaines, 104 U. S. 386; 2 Am. and Eng. Ency. Law, 331; Sydnor v. Saving Co., 94 S. W. 451.]

In the case of Strong v. Whybark, 204 Mo. 341, one Hayden in 1861 conveyed certain land for an expressed consideration of $640 to one Moore, and in 1863 the same Hayden quitclaimed the same land for a recited consideration of "natural love and affection and $5, the receipt of which is hereby acknowledged."

The former deed was recorded in 1874, the latter in 1868. Concerning this, the court, on page 346, says: "The question which now presents itself is, was Josephine Hayden a purchaser of the land in question for a good and valuable consideration? The deed recites that the conveyance was made for and in 'consideration of natural love and affection and five dollars to him in hand paid by the party of the second part, the receipt of which is hereby acknowledeged.'" After considering the effect of a quitclaim deed and the character of the consideration necessary to support the position of a purchaser for value, that is, that the consideration must be valuable, the court, on page 348, says: "In the case at bar, however, there was no evidence introduced tending to prove the recited consideration of five dollars was not in fact paid." The court necessarily and directly therefore holds in that case that the recital of a consideration establishes the party receiving such a deed as prima facie a purchaser for value.

In Ward v. Isbill, 73 Hun (N. Y.) 550, it is said: "The deed to Henry W. Brevoort expressed a valuable consideration and acknowledged the payment of the same by him, and that was prima facie evidence that he was a purchaser in good faith within the Recording Act. [Wood v. Chapin, 13 N. Y. 509; Lacustrine Co. v. Guano Co., 82 Id. 477.] Where a consideration is so expressed, no proof of actual payment is requisite. [Jackson v. Alexander, 3 Johns. 484; Wood v. Chapin, supra.]"

To the same effect, see Weideman v. Zielinska, 102 App. Div. 163; Ryder v. Rush, 102 Ill. 338; Anthony v. Wheeler, 130 Ill. 128; Parker v. Foy, 43 Miss. 260; Hiller v. Jones, 66 Miss. 636; Mullins v. Hardware Co., 25 Mont. 525; Roll v. Rea, 50 N. J. L. 264; Hoyt v. Jones, 31 Wis. 389; Haywood v. Moore, 2 Humph. (Tenn.) 584; Bayliss v. Williams, 6 Coldw. (Tenn.) 440.

In volume 4, at page 187, of the Ency. of Evidence, will be found a full discussion of the necessities of a document to constitute it an ancient document under the law of evidence.

In Everley v. Stoner, 2 Yeates (Pa.) 122, it is held that the length of time necessary to constitute an instrument an ancient document depends upon the facts in each particular case, and in that case an instrument twenty-eight years old was held an ancient document. The same was held in the case in 12 Vin. Arb. 57, and these cases have been followed in the State of Texas, where the question has been considered.

I am unable to see any distinction, in principle, between a receipt acknowledging the payment of the purchase money for a piece of real estate contained in the deed, conveying the same, and a receipt written upon a separate or independent piece of paper acknowledging the payment thereof. Our reports are full of cases so holding. [Hollocher v. Hollocher, 62 Mo. l. c. 273; Henderson v. Henderson, 13 Mo. 151; Bobb v. Bobb, 89 Mo. l. c. 419.]

These and all other cases to which my attention has been called hold that a receipt wherever found is prima facie evidence of the facts stated therein, but may be explained or overcome for most purposes by parol testimony. The trial court evidently overlooked this rule, which has been so frequently announced by this court.

We are, therefore, of the opinion that the judgment should be reversed and the cause remanded to the circuit court with directions to enter judgment for plaintiff, as prayed.

All concur, except *Valliant, J.,* absent.