A. C. SIKES, et al., Respondents, v. EFFIE TURNER and H. L. ALBERT, Administrators of the estate of GEORGE A. TURNER, deceased, Appellants.

Springfield Court of Appeals, January 29, 1923.

1. **INJUNCTION: Lies to Restrain Timber Cutting, Though Title is in Dispute.** Injunction lies to restrain timber cutting under a timber deed executed by a former owner of the land, as against the objection that title to the timber is in dispute, the nature of the property and the inconvenience of suing for continuous trespasses constituting a basis for equitable relief. Revised Statutes 1919, section 1969.

2. ———: **Landowner's Lack of Possession no Bar to Relief Against One in Possession to Cut Timber.** A landowner's lack of possession will not bar injunctive relief against timber cutting by one entering on unfenced, wild and uncultivated land, under a timber

deed executed by a former owner, but claiming no rights except that of entering to remove the timber.

3. **VENDOR AND PURCHASER: Subsequent Purchaser for Value Takes Title Against Prior Unrecorded Deed.** Under Revised Statutes 1919, sections 2198, 2200, a subsequent purchaser for value takes title against a prior unrecorded deed of which he had no notice.

4. **LOGS AND LOGGING: Landowners Held not Precluded from Enjoining Timber Cutting under Timber Deed from Former Owner after Date of Expiration Stated in Latter's Deed.** Grantees in deeds conveying land subject to a "certain timber contract expiring January 1, 1919," held not precluded from enjoining timber cutting, after such date, under a prior unrecorded timber deed and extension agreement allowing defendant until December 31, 1919, to remove the timber, in the absence of actual knowledge, when they purchased the land, that defendant, who had gone on it and was removing the timber, had any rights extending beyond January 1, 1919, plaintiffs having no such notice thereof as to put them on inquiry (Revised Statutes 1919, sections 2198, 2200).

5. **PLEADING: Amendment of Petition for Injunction by Substituting Allegation as to Multiplicity of Actions for Allegations as to Defendant's Insolvency, Held not Error.** In view of Revised Statutes 1919, section 1274, authorizing the court, at any time before final judgment, to amend any pleading by conforming it to the facts proved, when the amendment does not substantially change the claim or defense, the court did not err in granting leave to amend an original petition, after trial of a suit to enjoin timber cutting, by substituting for allegations that defendant was financially irresponsible and insolvent, an allegation that a multiplicity of actions would result from an attempt by plaintiffs to vindicate their rights otherwise than by injunction; both petitions alleging a continuous trespass, which would result in irreparable injury, for which plaintiffs had no adequate remedy at law.

Appeal from the circuit court of New Madrid County.— *Hon. Sterling H. McCarty, Judge.*

AFFIRMED.

*O. A. Knehans* and *Oliver & Oliver* for appellants.

(1)   Plaintiff's amendment in abandoning his original ground of equity jurisdiction, to-wit, the insolvency of

the defendant, and basing the ground of the equity jurisdiction upon the alleged multiplicity of suits that the plaintiffs would be put to, requires different evidence to support the petition; requires a wholly different defense, and the failure to obtain an injunction under on the one ground would not bar a suit for injunction when based on the other ground. Such a change in the petition is not an amendment, but a departure. Scoville v. Glasner, 79 Mo. 449; Lumpkin v. Collier, 69 Mo. 170; Broyles v. Eversmeyer, 262 Mo. 389; Carter v. Dilley, 167 Mo. 564. (2) Injunction will not lie when title to property is in dispute or plaintiff is not in possession. In this case the title to the property was in dispute and defendant holds the older and better title. Plaintiff was not in possession; on the contrary the defendant was in possession. Injunction cannot be made to take the place of an action to try title to disputed property. Smith v. Jameson, 91 Mo. 13; Echelkamp v. Schrader, 45 Mo. 505; Gildersleeve v. Overstoltz, 97 Mo. App. 305; Powell v. Canady, 95 Mo. App. 713; High on Injunction (2 Ed.), sec. 698. (3) A purchaser is affected with notice of all recitals in the instruments forming his claim of title and material thereto and all facts which reasonable inquiry would have disclosed. In this case the plaintiffs not only had constructive notice but actual notice of the reservation in the deeds from the common source of title, A. G. Kendall to J. B. Stubblefield announcing that the deed was conveyed "subject to a timber contract expiring January 1, 1919." Their own contract for the purchase contained a similar reservation. Timber contracts vary in terms. Sometimes the oak timber is sold, sometimes cypress; other times gum, maple, and hickory; sometimes trees of a certain stated diameter are sold. Many and varied are "timber contracts." It was the duty of plaintiffs to have made inquiry as to what the provisions of the contract were. Any reasonably prudent man living in this part of the State where timber lands are sold would at once make inquiry as to all the provisions of a timber contract, if he did not al-

ready have the information, prior to signing a contract of purchase. The law requires as much or else closes his mouth. Fellows v. Wise, 55 Mo. 413, 415; Drey v. Doyle, 99 Mo. 459, 468-9; King v. St. Louis Union Trust Co., 226 Mo. 351, 371; Marshal v. Hill, 246 Mo. 1, 30-31; Taaffe v. Kelly, 110 Mo. 127, 137.

*R. E. Bailey* for respondent.

(1) Injunction will lie to prevent cutting of timber. Eckelkamp v. Schrader, 45 Mo. 505; Palmer v. Crisle, 92 Mo. App. 510. (2) A pleading may be amended in accord with the statute at any time before final judgment to conform to the proof and this statute is liberally construed. The rule is to allow amendments; the exception to refuse them. Sec. 1274, R. S. 1919; Barclay v. Bates, 2 Mo. App. 143; Corrigan v. Brady, 38 Mo. App. 649; Ensworth v. Barton, 67 Mo. 622; Howard v. Shirley, 75 Mo. App. 155; Car v. Moss, 87 Mo. 447; Jacobs v. Ry. Co., 204 S. W. 954; Wright v. Groom, 246 Mo. 158, 151 S. W. 465; Cornet v. Cornet, 248 Mo. 184. (3) Deeds should be recorded and an unrecorded deed is invalid except between the parties and those having actual notice thereof. Secs. 2198, 2200, R. S. 1919; Vance v. Corrigan, 78 Mo. 94; Trigg v. Vermillion, 113 Mo. 231, 20 S. W. 1047; Todd v. Anderson, 133 Mo. 625, 34 S. W. 872; Harrison v. Moon, 199 S. W. 188; Strong v. Whybark, 204 Mo. 341, 102 S. W. 968. (4) A subsequent purchaser for value takes title against a prior unrecorded deed of which he had no knowledge. Secs. 2198, 2200, R. S. 1919; Fox v. Hall, 74 Mo. 315; Boogher v. Neece, 75 Mo. 383; Hickman v. Green, 123 Mo. 166; Anderson v. Cole, 234 Mo. 1, 136 S. W. 395. (5) The judgment in favor of respondent should be affirmed because for the right party. Sec. 1513, R. S. 1919; Maloney v. Bank, 232 S. W. 133; Brigham Co. v. Zollman Co., 220 S. W. 911; Freeland v. Williamson, 220 Mo. 217; Stumpe v. Koff, 210 Mo. 412; Mann v. Doerr, 222 Mo. 1, 121 S. W. 86.

BRADLEY, J.—A. C. Sikes and O. E. Kendall, Jr., filed their petition praying for an injunction to enjoin George A. Turner, doing business under the name of Cape Handle Company, from cutting timber on the south half of section 7, Township 23, Range 13 in New Madrid County. At the same time A. C. Sikes filed his petition against Turner to enjoin the cutting of timber on the north half of said section. Temporary restraining orders were issued in each cause. At the return term of court the two suits were consolidated and tried as one, resulting in the injunctions being made perpetual. Defendant appealed to the Supreme Court. At the April term, 1921, of the Supreme Court the death of defendant Turner was suggested and the cause revived in the name of his administrators. The Supreme Court ruled that title was not involved in such a way as to give the Supreme Court jurisdiction, and transferred the cause to this court. [Sikes et al. v. Turner et al., 242 S. W. 940.]

For convenience we will use the term defendant as having reference to Turner. In the original petitions it is alleged that defendant was trespassing upon the land, cutting and removing timber therefrom without any right or authority, and that such trespass would result in irreparable injury "for the reason that defendant is not financially responsible, is insolvent, and cannot be made to respond in damages therefor," and that plaintiffs have no adequate remedy at law. The answer was a general denial. The cause was tried on the issues thus made. The evidence was in on June 4, 1919, and the court took the cause under advisement. Defendant filed briefs with the trial court on June 13th. On June 16th plaintiffs asked and were granted leave to amend their petitions, and over objection and exception plaintiffs amended by eliminating that portion quoted, supra, beginning "for the reason that," etc., and substituted therefor the following: "That a multiplicity of actions would result from an attempt by plaintiffs to vindicate their rights to the timber in ques-

tion otherwise than by injunction,'' and then it is alleged that plaintiffs have no adequate remedy at law.

On August 22, 1917, A. G. Kendall, admitted as the common source of title, conveyed to defendant by what is desigated as a ''timber deed'' all of the timber on said section 7 except the post timber. By this timber deed defendant was required to remove the timber by July 12, 1919. On March 9, 1918, this time limit was extended to December 31, 1919. On March 18, 1918, plaintiff Sikes entered into a contract with J. B. Stubblefield, who had purchased from A. G. Kendall, whereby plaintiff Sikes became the owner of the north half of said section ''subject to a certain timber contract expiring January 1, 1919.'' On March 22, 1918, Stubblefield, Sikes, Porter Kendall and O. E. Kendall, Jr., entered into a contract whereby Sikes, Porter Kendall and O. E. Kendall, Jr., became the owners of the south half of said section 7 ''subject to a certain timber contract expiring January 1, 1919.'' On April 16, 1918, Stubblefield conveyed by warranty deed the south half of said section 7 to A. C. Sikes, Porter Kendall, and O. E. Kendall, Jr. On November 18, 1918, Porter Kendall conveyed by warranty deed his undivided one-third interest in the south half of said section 7 to plaintiffs A. C. Sikes and O. E. Kendall, Jr. These warranty deeds were promptly recorded, but the timber contract and its extension were not recorded. The warranty deed from A. G. Kendall to Stubblefield conveying the whole of said section 7 was made subject to ''a certain timber contract expiring January 1, 1919.''

As we read this record there are but three propositions for disposition. First: Will injunction lie? Second: Did plaintiffs have such notice of the timber deed of August 22, 1917, from A. G. Kendall to defendant, and its extension on March 9, 1918, as to preclude their enjoining defendant from cutting and removing the timber? Third: Was any prejudicial error committed in permitting the petitions to be amended?

(1) Will injunction lie? Defendant makes the point that injunction will not lie because the *title* to the

timber is in dispute. In Palmer v. Crisle, 92 Mo. App. 150, it was held that the law does not require that a person shall submit to the stripping of his timber land of its forest trees and then attempt to make his loss good by an action for damages; that the nature of the property involved and the inconvenience of suing for continuous trespasses constitute a basis for equitable relief. Section 3649, Revised Statutes 1899, now section 1969, Revised Statutes 1919; McPike v. West, 71 Mo. 199; Turner v. Stewart, 78 Mo. 480; Echelkamp v. Schrader, 45 Mo. 505, and Heman v. Wade, 74 Mo. App. 339, are cited in support of the rule announced in Palmer v. Crisle. The same doctrine was followed by this court in Barron v. Cooperage Co., 185 Mo. App. 625, 171 S. W. 683, and in other cases there cited. Also in Teachout v. Clough, 143 Mo. App. 474, 127 S. W. 672, this court followed the Palmer Case. Judge Nixon in the Teachout Case quoted with approval the general rule from 22 Cyc. 832 as follows: "The general rule is that the cutting of timber is such a destruction to the inheritance as will cause a court of equity to interfere to restrain the trespass." As appears in Palmer v. Crisle and Teachout v. Clough, supra, the *title* to the timber was as much in dispute as here, yet injunctive relief was granted. The Supreme Court ruled that there was no such *title* in dispute as to give them jurisdiction of this cause. On the authority of the Palmer Case and Teachout Case it would seem that injunction will lie under the facts of the instant case so far as the question of title is concerned, and we so rule.

Defendant makes the further contention that plaintiffs were not in possession, but on the contrary that defendant was in possession, and for that reason injunction will not lie. The record does not establish that any one was in possession. Section 7 was unfenced, wild and uncultivated land. Defendant entered thereupon and established logging camps, but claimed no rights except the right to enter for the purpose of removing the timber. In Teachout v. Clough, supra, the *possession* of de-

fendant and the lack of possession by the plaintiff were much more pronounced than in the instant case, yet injunctive relief was granted. We think that the more recent rule with respect to the propositions here presented are given effect and recognition in the palmer and Teachout Cases. We hold, therefore, that since neither plaintiffs nor defendant was in possession, plaintiff's lack of possession will not bar injunctive relief.

(2)   Did plaintiffs have such notice of defendant's timber contract and extention as to preclude their enjoining defendant from cutting and removing the timber? Defendant's right to the timber by his original timber deed from A. G. Kendall on August 22, 1917, expired on July 12, 1919, according to the terms of the instrument. This time limit, however, was extended to expire December 31, 1919. Defendant failed to record either the original timber deed or the extension. In March, 1918, plaintiffs contracted for, and on April 16, thereafter warranty deeds were executed conveying the fee to plaintiffs. Plaintiffs purchased subject to "a certain timber contract expiring January 1, 1919." Defendant's troubles are due in part to the fact that A. G. Kendall, when he conveyed to Stubblefield on April 1, 1918, made an error as to the reservation clause in the deed pertaining to the expiration of the timber contract, and Stubblefield made the same error when he conveyed to plaintiff A. C. Sikes. However, if defendant had in due time recorded his timber deed and the extension he would have avoided this litigation. So far as appears here plaintiffs had no knowledge when they purchased section 7, or thereafter until this litigation was commenced, that defendant had any timber rights that extended beyond January 1, 1919. It is true that defendant had gone upon the land, or at least a portion of it, when plaintiffs purchased, and prior to January 1, 1919, and had built timber camps and roads and was engaged in moving the timber. But such facts if actually known by plaintiffs were not *notice* to plaintiffs that defendant's timber contract ran until December 31,

1919. Defendant contends that plaintiffs should have made some investigation about this timber contract, and that had they done so they would have discovered that defendant's right to cut and remove the timber did not expire until December 31, 1919. There was no question pertaining to the timber contract except as to the time of its expiration. According to the warranty deed from A. G. Kendall to Subblefield on April 1, 1918, the timber contract expired on January 1, 1919. This deed was of record, and was shown in the abstract which plaintiffs required before purchasing. The same reservation as to the expiration of the timber contract was made in the contracts of purchase by plaintiffs from Stubblefield. Were plaintiffs required to *doubt* that A. G. Kendall and Stubblefield knew when defendant's timber contract expired? Under this record we think not. [Secs. 2198 and 2200, R. S. 1919; Vance et al. v. Corrigan, 78 Mo. 94; Trigg v. Vermillion et al., 113 Mo. 232, 20 S. W. 1047; Ladd et al. v. Anderson et al., 133 Mo. 625, 34 S. W. 872; Harrison et al. v. Moore et al., 199 S. W. 188; Strong v. Whybark et al., 204 Mo. 341, 102 S. W. 968; Fox v. Hall, 74 Mo. 315; Booger v. Neece, 75 Mo. 383; Hickman v. Green, 123 Mo. 165, 22 S. W. 455; Anderson v. Cole et al., 234 Mo. 1, 136 S. W. 395.] The rule of law declared by the statute and these cases and many others is that a subsequent purchaser for value takes title against a prior unrecorded deed of which he had no notice. There is a line of cases holding that knowledge of facts which would put an ordinarily prudent person on inquiry and if followed up would lead to notice is sufficient. [Maupin et al. v. Emmons, 47 Mo. 304; Bank v. Frame et al., 112 Mo. 502, 20 S. W. 620; Morrison v. Juden, 145 Mo. 282, 46 S. W. 994; Shaffer v. Detie et al., 191 Mo. 377, 90 S. W. 131.] The Shaffer Case and others hold that notice of actual possession with improvements and cultivation is valid in imparting notice of a claim of title. But the fact that defendant had entered upon the land for the purpose of removing the timber, if known in fact by plaintiffs,

was no notice to plaintiffs that defendant's rights would continue longer than January 1, 1919. Praintiffs knew by the recitals in their deeds that defendant had a right to enter upon the land in order to remove the timber until January 1, 1919, and if plaintiffs knew independent of their deeds that defendant had such right such was no more than the notice in their deeds, except that the reservations in the deeds did not mention defendant by name. We hold that plaintiffs did not have such notice of defendant's timber contract as to put them upon inquiry, and that they are not precluded from recovery on that ground.

(3) The next question relates to the alleged error based on the amendment of the petitions. Defendant contends the amendment in fact amounted to a departure from the original cause of action. The continuing trespass alleged in the original petitions and in the amended constitutes the main foundation of plaintiffs' case. In the original and the amended petitions it is alleged that defendant was trespassing upon the land of plaintiffs, and removing the timber therefrom without any authority or right to do so, and without the permission and consent and over the objections and protest of plaintiffs; and that if defendant was permitted to continue cutting and removing said timber such would result in irreparable injury, and for which plaintiffs had no adequate remedy at law. Section 1274, Revised Statutes 1919, provides that the court may at any time before final judgment in furtherance of justice and on such terms as may be proper amend any pleadings by inserting other allegations material to the case or when the amendment does not change substantially the claim or defense, by conforming the pleadings to the facts proved. In view of our liberal statute as to amendments, and the fact that the original and amended petitions were grounded upon continuing trespass we do not think that it was error to permit the amendments complained of. The case law pertaining to amendments is as liberal as the statute, and many cases are cited in the note to the stat-

ute, and it is not necessary to cite authorities here. We hold that there was no error in permitting the amendments.

It is our conclusion that the judgment should be affirmed and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.