## EDGAR T. RYDER

### *v.*

## SAMUEL RUSH.

*Filed at Springfield March 28, 1882.*

1. BANKRUPTCY—*sufficiency of assignee's deed under act of 1841.* Under the Bankrupt law of 1841, the title of all the bankrupt property vested in the assignee as soon as the owner was adjudged a bankrupt and the assignee was clothed with the right to sell the same, and his deed is not invalid for not reciting an order of the court to sell at private sale. The deed containing a copy of the decree of bankruptcy and of the appointment of the assignee, needs no other recitals, and will be good, if in other respects sufficient, the same as a deed made by the bankrupt before the adjudication.

2. RECORDING LAW—*deed not recorded, void as to subsequent purchaser.* A deed from an assignee in bankruptcy, for land, which is not recorded, is void as to a second grantee from such assignee without notice of the prior deed, the subsequent deed being properly recorded.

3. SAME—*purchase presumed to be bona fide.* Under the recording laws a subsequent purchaser from the same grantor whose prior deed is unrecorded, is presumed to be a *bona fide* purchaser, and the burden of proof to show bad faith or want of consideration is upon the party alleging it.

WRIT OF ERROR to the Circuit Court of McDonough county; the Hon. CHAUNCEY L. HIGBEE, Judge, presiding.

Mr. JOHN S. BAILEY, for the plaintiff in error.

Mr. WM. H. NEECE, and Mr. JOHN MOSHER, for the defendant in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is ejectment, by Ryder against Rush. Both parties claim title under Amos Hogin, to whom the land in controversy was conveyed, December 24, 1831, by one McCormick. Hogin petitioned the District Court of the United States for the Southern District of New York, to be declared a bankrupt, under the act of 1841. Waddell was appointed as assignee in bankruptcy, January 4, 1842. A decree declaring Hogin a

bankrupt was rendered January 14, 1843. In the report of assets is included "one undivided half" of the land in dispute.

Plaintiff, Ryder, claimed title through a deed from Waddell, as such assignee, to Rodman, for one undivided half of the land in question, dated May 7, 1844 (but never recorded), and a deed from Rodman to Amos Hogin, for one undivided half of the land, dated September 3, 1844 (but never recorded), and a deed dated February 22, 1875, for the land in question, from the heirs at law of Amos Hogin, with evidence that Hogin died April 8, 1851, in the city of Brooklyn, New York. Defendant claimed through a deed by Waddell, as such assignee, to Cushman, for all right, title and interest which the bankrupt had, and which he has right to convey, in the whole of the land in question, (this deed bears date September 14, 1860, and was duly recorded October 24, 1860,) and through a deed for the same land from Cushman to Robinson and Long, dated October 22, 1860, and a deed from Robinson and Long to James A. Bunby, dated December 24, 1860, (the last two deeds were recorded September 3, 1866,) and through a deed from Bunby to Rush, the defendant, dated December 2, 1874, with proof that at the time when this action was begun Rush was in possession of the land under a title bond before that made to him by Bunby, and in pursuance of which the last deed was made, pending the action. The cause was tried by the court, by consent, and the finding and judgment were for defendant. The plaintiff brings the record here by writ of error.

Counsel for Ryder contends that the deed from Waddell to Cushman was improperly received in evidence, because, he says, the deed contains no recital of an order by the bankrupt court to sell at private sale. By operation of the Bankrupt law of 1841 the title of all property of the bankrupt vested in the assignee January 14, 1843, when Hogin was declared a bankrupt, Waddell having been appointed assignee of bankrupts of that district before that time, and this, by

section 3 of the Bankrupt act, clothed the assignee with right and power to sell, subject to the orders of the bankrupt court, such property, as fully, to all intents and purposes, as might have been done by the bankrupt before or at that time. The title being thus in the assignee, it would seem that the same might be conveyed by him by any ordinary form of deed which might have been used by the bankrupt, had he not become bankrupt. Section 15 of the same act says, a copy of the decree of bankruptcy, and of the appointment of the assignee, shall be recited in the deed of land by the assignee, and that deeds with these recitals shall pass the title. Whether these recitals be essential to pass title or not, it is clear that no other recitals are necessary. The deed in question does contain copies of the order mentioned in section 15 of the act. No other recitals were needed.

Again, it is insisted that this deed, not professing to convey the land, could pass only such title as actually was in the assignee when the deed was made, and that the assignee having before that time conveyed one undivided half of that land to Rodman, this deed of 1860 operated only to convey the other undivided half, and hence plaintiff ought, in any event, to have judgment for an undivided half. The difficulty in that position is, that the first deed was not recorded, and the grantee in the second deed had no notice thereof. As to him the first deed is as no deed.

It is true, as contended, that the recording laws can only operate for the protection of *bona fide* purchasers, but it is not true, as counsel seems to suppose, that such a purchaser is presumed not to be *bona fide* until proof be made to the contrary, or, that to avail himself of the benefit of such laws in an action of ejectment, a defendant must prove, *aliunde* the recitals in his deed, that a valuable consideration was paid therefor. The burden of proof in such cases is upon the party alleging bad faith or want of consideration.

We find no cause to disturb this judgment.

*Judgment affirmed.*