# WILLIAM O. GROVER

*v.*

## PETER L. HALE *et al.*

*Filed at Ottawa November 20, 1883.*

1. TRUST DEED—*sale made by an agent of trustee, invalid and voidable.* Where a power of sale is given to a trustee in a deed of trust to sell the premises therein conveyed, upon default of payment of the. money secured thereby, the sale must be made by the trustee, and if made by his agent or attorney, he not being present, it will be invalid as between the immediate parties, and may be set aside in equity.

2. SAME—*who is a party that may question sale under power in trust deed.* A purchaser of the equity of redemption at sheriff's sale on execution, against the party who had previously given a trust deed on the same property, succeeds to the former owner's rights after he receives a sheriff's deed, and may have a sale under the trust deed set aside if it is made by a mere stranger, and not by the trustee.

3. SAME—*who is party to trustee's sale.* If the grantor in a trust deed has disposed of his equity of redemption, he can not be, in any sense, a party to the trustee's sale, or a sale made by one acting for him, but his assignee will be regarded as such party; and so it would be if both the original parties had assigned their interests.

4. PURCHASER—*who is a bona fide innocent purchaser that is entitled to protection in equity.* A purchaser of land from one deriving his claim under a trust deed and trustee's sale to him, before he can defend against a bill filed to set aside the trustee's sale must make it appear that his purchase was made in good faith and for a valuable consideration, and that the consideration was paid before notice of the defects in the title or irregularity in the trustee's sale. If the consideration is not paid before notice, he is not an innocent purchaser.

5. SAME—*when chargeable with notice.* Where a husband and wife execute a trust deed to secure a debt òf the former, the latter, as a party to the deed, is chargeable with notice that no one but the trustee himself, or his legal representative, has the right to sell under it.

WRIT OF ERROR to the Circuit Court of Jo Daviess county; the Hon. WILLIAM BROWN, Judge, presiding.

Mr. E. L. BEDFORD, for the plaintiff in error:

Shissler was a stranger to the trust, and acted under delegated power of the trustee (Ollinger) in his absence from this State. This sale did not bar complainant's equity of redemption. *Warnecke et al.* v. *Lembca,* 71 Ill. 92; *Flower* v. *Elwood,* 66 id. 449; *Hamilton* v. *Lubukee,* 51 id. 419; *Chambers et al.* v̇. *Jones,* 72 id. 278.

In a case where all questions of fairness or regularity were removed, Chancellor Kent said: "To allow such a sale to stand would open the door to a very lax and dangerous practice." *Heger* v. *Deaves,* 2 Johns. Ch. 154.

A purchaser under a trust deed containing a power of sale is chargeable with notice of defects and irregularities attending the sale, and their effect can not be evaded by him. *Gunnell et al.* v. *Cockerill et al.* 84 Ill. 319.

The purchaser knew facts which were sufficient to put a purchaser on inquiry, and is chargeable with all facts which the inquiry would have disclosed. *Redden et al.* v. *Miller et al.* 95 Ill. 345; *Russell et al.* v. *Ranson,* 76 id. 170.

The rule prevails with us that the duty devolves upon the defendants to establish not only that they have a conveyance legal in form, but that they have actually paid for the land. It is not sufficient even that they have secured the payment of the purchase money,—they must have paid it in fact, before they had notice of the complainant's equitable title. *Brown* v. *Welch,* 18 Ill. 343; *Redden et al.* v. *Miller et al.* 95 id. 345; *Moshier* v. *Knox College,* 32 id. 164.

Mr. J. W. LUKE, for the defendants in error:

While Mrs. Hale has paid nothing of the purchase money, yet relying on her purchase, and being ignorant of the fact that the trustee was not present at the sale, she has incurred a personal liability of $400 or $500 for materials used in improving the lot, and has paid about $100 for labor on the building.

The complainant is only a judgment creditor of some of these parties, and a stranger to the trust deed. The parties to that are satisfied, and make no complaint. The complainant was not damaged in any way by reason of the sale being made in the manner it was.

Mr. JUSTICE MULKEY delivered the opinion of the Court:

On the 18th day of November, 1869, Peter Hale and Jacob Burhyte, being owners of the lot in controversy, situate in Dunleith, this State, conveyed the same in trust to John Ollinger, to secure their five promissory notes of that date, for the sum of $500 each, payable to the order of Nelson M. Brett, in one, two, three, four and five years, respectively, one of which, in due course of business, for value, came to the hands of John M. Miller. Grover & Baker, on the 19th of December, 1877, recovered a judgment against Hale and Burhyte, which became a lien upon the equity of redemption in said lot, and the same was sold under an execution issued on said judgment to Grover & Baker, who assigned the certificate of purchase to the plaintiff in error, William O. Grover, and the latter, on the 14th of June, 1880, received a sheriff's deed for the premises. On the 16th of August, 1880, the lot was sold under the trust deed, at the instance of Miller, to satisfy an unpaid balance of $356 on the note held by him, as above mentioned, and the same was struck off to him at $200, he being the only bidder present at the time of the sale. Miller received a deed for the property, purporting to

have been executed by Ollinger on the day last mentioned, though it is evident if made on that day it must have been done in St. Louis, Missouri, and not here, for the evidence clearly shows he was in the latter place at the time of the sale, and that the sale itself was conducted by Louis Shissler for Ollinger, the trustee; and it further appears the deed was acknowledged by Ollinger in St. Louis, the 4th of September, being nineteen days after the sale, as appears from the acknowledgment itself. On the 1st of June, 1881, Miller sold the property to Margaret J. Hale for $224, payable in three installments, viz., $75 in one year, $75 in two years, and $74 in three years from date of purchase, with eight per cent interest thereon. Nothing has ever been paid on the purchase, though Mrs. Hale swears she has spent about $100 in improving the property, but can not tell the exact amount. The evidence tends to show the yearly value of the premises is $60 or $75.

The present bill is filed to correct certain errors in the sheriff's deed to Grover; to set aside the so-called trustee's sale; to have Ollinger's deed to Miller declared void; to have the bond for a deed from Miller to Margaret Hale set aside as against the equity of redemption of plaintiff in error; for an account of what is due Miller under the trust deed, and to redeem therefrom. The court, by its decree, awarded the relief prayed, in so far as it related to the correction of the sheriff's deed, but found, as a matter of fact, the proofs failed to sustain the charge in the bill that the sale under the trust deed was made by Shissler as agent of Ollinger, and therefore entered a decree denying the other relief sought by the bill, from which decree Grover appeals to this court.

By what process of reasoning the circuit court reached the conclusion this sale was not made by Shissler as the agent of Ollinger, is not apparent. Miller and Shissler were the only persons at the sale, and both of them swear positively that Ollinger was not there. The latter testifies upon

41—107 ILL.

this point in these words : "That said John Ollinger not being able to be present to conduct the sale in person, being a resident of St. Louis, Missouri, authorized and directed me to act as his agent or attorney to conduct said trustee's sale,"—and there is nothing in the record that even tends to contradict these witnesses, but on the contrary, there are independent circumstances which strongly corroborate their statements. We are therefore of opinion the conclusion of the circuit court upon this branch of the case is wholly unwarranted.

That a sale of this character is invalid between the immediate parties, is too well settled to admit of controversy. (*Flower* v. *Elwood*, 66 Ill. 449 ; *Hamilton* v. *Lubukee*, 51 id. 419 ; *Warnecke et al.* v. *Lembca*, 71 id. 92 ; *Chambers et al.* v. *Jones*, 72 id. 278.) Indeed, this general proposition is not denied, but it is claimed the plaintiff in error is not within the rule to be regarded as an immediate party. No authority is cited in support of this proposition, and we are confident none can be found. By the sheriff's deed the plaintiff in error succeeded to the equity of redemption in the mortgaged premises, and thereby acquired all the rights of the mortgagors with respect to the lot, one of which, unquestionably, was the right to have it sold by the trustee, and not by a mere stranger, as was done in this case. The immediate parties, within the meaning of the rule, as we understand it, are the owners, respectively, of the equity of redemption and of the mortgage security, and the purchaser at the sale. If a party to the original transaction has disposed of his interest either in the mortgage or the equity of redemption, he can not, in any sense, be said to be a party to the trustee's sale, or a sale made by one acting for him, but his assignee will be regarded as such party,—and so it would be if both of the original parties had assigned their interest. There is clearly nothing in this point.

Finally, it is claimed that Mrs. Hale is an innocent purchaser, and as such should be protected. To maintain this defence she must show, or it must otherwise appear, that she

purchased without notice of the irregularity in the sale, that her purchase was made in good faith and for a valuable consideration, and that the consideration was paid before notice of the defect in the title.   Outside of the conclusive fact that no part of the purchase money has been paid, there are a number of circumstances which, to say the least of it, cast a strong suspicion on her title.   In the first place, it is to be noted that she is the wife of Peter Hale, through whom both parties claim, and she is one of the original parties to the trust deed itself, and is therefore chargeable with notice that no one but the trustee himself, or his legal representative, had the right to sell under it.   Again, notwithstanding her denial of such notice, when the whole of her testimony is considered in connection with all the circumstances in the case, it tends strongly to show she knew that Ollinger did not personally superintend the sale.   Finally, it is difficult to repel altogether the conviction that the sale by Miller to Mrs. Hale was merely colorable.   For instance, the testimony of Miller himself shows the rental value of the lot for the last year was $60 or $75, which, at that rate, would have about paid for the property at the end of three years, when the last payment was to be made.   The credit, as already stated, was one, two and three years.   No part of the purchase money was paid down, nor was any security given or exacted for the purchase money other than that which the land itself afforded, and the whole amount to be finally paid at the end of the three years was, as just stated, but a trifle more, if any, than the evidence tends to show the property would have rented for.   To say the least of it, business men do not ordinarily do business in this way.   We do not wish, however, to be understood as holding the above facts are necessarily inconsistent with good faith.   We only mean to say they are matters that strongly challenge observation, and should have their due weight in arriving at a conclusion upon the general merits of the case.

Waiving these matters, however, altogether, as already indicated, Mrs. Hale can not be regarded as an innocent purchaser without notice, for the reason no part of the purchase money has been paid. That such is the rule of law is well settled by the decisions of this court. *Brown* v. *Welch*, 18 Ill. 343; *Redden et al.* v. *Miller et al.* 95 id. 345; *Moshier* v. *Knox College*, 32 id. 164.

The decree of the circuit court, for reasons already stated, will necessarily have to be reversed, except so far as it directs the sheriff's deed to plaintiff in error to be corrected in conformity with the prayer of the bill. If, upon the rehearing of the cause, the court shall find that the purchase of Mrs. Hale was made in good faith, without notice of the irregularity in the sale under the trust deed, it is but equitable that she should be paid the actual value of the improvements put upon the lot, with interest, together with all taxes paid by her, less the reasonable rental value of the property, should a cross-bill be filed by her asking such relief.

*Decree reversed.*

Mr. Justice Scott: I do not concur in this opinion.