Debra KEACH and Patricia Sage, Plaintiffs,

v.

U.S. TRUST COMPANY, N.A., et al., Defendants.

No. 01–1168.

United States District Court, C.D. Illinois, Peoria Division.

Feb. 18, 2003.

Dean B. Rhoads, Robert Rhode, Edward Sutkowski, Steven Oates, Sean Anderson, Sutkowski & Rhoads, Peoria, IL, for Plaintiffs Debra Keach and Patricia Sage.

Timothy Bertschy, Heyl, Royster, Voelker & Allen, Peoria, IL, Robert Eccles, Shannon M. Barrett, O'Melveny & Myers, LLP, Washington, DC, for Defendant U.S. Trust Company, NA, fka U.S. Trust Company of California.

Charles Roth, James Springer, Joseph Z. Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, Michael T. Graham, Nancy Ross, McDermott Will & Emery, Trent P. Cornell, Duane Morris, LLC, Chicago, IL, for Defendant Ellen D. Foster, Executrix of the Estate of Thomas S. Foster and as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Michael T. Graham, Nancy Ross, McDermott Will & Emery, Chicago, IL, for Defendant the Northern Trust Company, an Illinois Corporation as Co–Trustee of the Thomas S. Foster Trust executed on 4/14/94.

Richard J. Pautler, Jennifer Baetje, Thompson & Coburn, St. Louis, MO, for Defendants Robert A. Ostertag, Jr., Terry P. Cole, Alan R. Dix, Jon Elletson, A. Robert Pellegrino.

James Bailey, Paul Ondrasik, Jr., Steptoe & Johnson, Washington, DC, Roy Davis, David Lubben, Davis & Campbell, LLC, Peoria, IL, for Defendants Valuemetrics, Inc.

Mark Casciari, Ian Hugh Morrison, Sari M. Alamuddin, Seyfarth Shaw, Chicago, IL, for Defendant Houlihan, Lokey, Howard & Zukin, Inc.

Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant Stephen P. Bartley.

Stephen Gay, Jeffrey Alan Ryva, Husch & Eppenberger, LLC, Peoria, IL, for Defendant Lyle Dickes.

Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant James Freid.

Charles Roth, James Springer, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendant Dale Fujimoto.

John Elias, Robert Riffle, Cynthia Elias, Elias Meginnes Riffle & Seghetti, Peoria, IL, for Defendant William Gehring, Henry Gregory, II, John F. Halpin, James Kyle, John Lappegaard, George Mckittrick, Clayton Patino, Jerry Rathmann, W. Thomas Stumb, Mark Swedlund, Leo Vanderlugt, Robert Wilson, Bruce Wright.

Jeffrey Rock, Hasselberg Rock Bell & Kuppler, Peoria, IL, for Defendant Richard Hodgson.

Dean Essig, Washington, IL, for Defendant Gregory McAllister.

Charles Roth, James Springer, Joseph Sudow, Kavanagh Scully Sudow White & Frederick, Peoria, IL, for Defendants Michael Norbutas, Frederick Stuber, and for Defendant Ashley Anne Foster, as trustee or agent of the Ashley Anne Foster Irre-

vocable Trust, and Melvyn R. Regal, individually, as trustee or agent of the Steven Jay Regal Trust, as trustee or agent of the Judi Lynn Regal Trust, and as trustee or agent of the John E. Regal Trust.

### ORDER

MIHM, District Judge.

Now before the Court is Defendant Lyle Dickes' ("Dickes") Motion for Summary Judgment. For the reasons set forth below, the Motion for Summary Judgment [# 318] is GRANTED IN PART and DENIED IN PART.

### FACTUAL BACKGROUND

The basic factual background has been sufficiently set forth in the prior orders of this Court, and familiarity therewith is presumed. The present motion is brought by Dickes, the former Executive Vice President of Foster & Gallagher. The matter is now fully briefed and ready for resolution. This Order follows.

### DISCUSSION

Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the responsibility of informing the Court of portions of the record or affidavits that demonstrate the absence of a triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party may meet its burden of showing an absence of disputed material facts by demonstrating "that there is an absence of evidence to support the non-moving party's case." *Id.* at 325, 106 S.Ct. 2548. Any doubt as to the existence of a genuine issue for trial is resolved against the moving party. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Cain v. Lane*, 857 F.2d 1139, 1142 (7th Cir.1988).

If the moving party meets its burden, the non-moving party then has the burden of presenting specific facts to show that there is a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Federal Rule of Civil Procedure 56(e) requires the non-moving party to go beyond the pleadings and produce evidence of a genuine issue for trial. *Celotex*, 477 U.S. at 324, 106 S.Ct. 2548. Nevertheless, this Court must "view the record and all inferences drawn from it in the light most favorable to the [non-moving party]." *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1312 (7th Cir.1989). Summary judgment will be denied where a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir.1995).

Dickes remains a Defendant in this case only as a non-fiduciary party-in-interest pursuant to § 406(a) of ERISA, which prohibits a "sale or exchange ... of any property between the plan and a party in interest," and also prohibits a "transfer to ... a party in interest ... of any assets of the plan." 29 U.S.C. § 1106(a)(1)(A) and (D). ERISA further defines a "party in interest" to include any fiduciary, person providing services to the plan, an employer, an employee/officer/director or 10% shareholder of an employer, or any relative of these individuals. 29 U.S.C. § 1002(14). This much Dickes and the Plaintiffs agree on; however, any agreement ends there.

The first material dispute concerns who bears the burden of demonstrating or refuting Dickes' liability. In line with ERISA's goal of protecting plan assets for

the benefit of plan beneficiaries, § 406(a) is a prohibition against transactions between the plan and parties-in-interest, unless the transaction meets the requirements for exemption as a transaction for adequate consideration pursuant to § 408. This Court has previously determined that an exemption pursuant to § 408 is an affirmative defense that must be pled and proven by a defendant, but § 408 does not appear to be directly at issue in the present motion. *See* November 27, 2002, Order at pp. 23–24.

■ That being said, § 406 imposes a duty only on the fiduciary who causes the plan to engage in prohibited transaction. *Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 120 S.Ct. 2180, 2186, 147 L.Ed.2d 187 (2000). Any liability of a non-fiduciary party-in-interest stems from duties imposed by § 502(a)(3):

A civil action may be brought ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of [ERISA Title I] or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

29 U.S.C. § 1132(a)(3); *Harris Trust*, 120 S.Ct. at 2186–88.

The Supreme Court noted:

[I]t has long been settled that when a trustee in breach of his fiduciary duty to the beneficiaries transfers trust property to a third person, the third person takes the property subject to the trust, unless he has purchased the property for value and without notice of the fiduciary's breach of duty. The trustee or beneficiaries may then maintain an action for restitution of the property (if not already disposed of) or disgorgement of proceeds (if already disposed of), and disgorgement of the third person's profits derived therefrom.

*Id.* at 2189 (internal citations omitted).

The Supreme Court also acknowledged that there are limits on restitution actions against nonfiduciary parties-in-interest.

Only a transferee of ill-gotten trust assets may be held liable, and then only when the transferee (assuming he has purchased for value) knew or should have known of the existence of the trust and the circumstances that rendered the transfer in breach of the trust. Translated to the instant context, *the transferee must be demonstrated to have had actual or constructive knowledge* of the circumstances that rendered the transaction unlawful. Those circumstances, in turn, *involve a showing that the plan fiduciary, with actual or constructive knowledge of the facts satisfying the elements of a § 406(a) transaction, caused the plan to engage in the transaction.*

*Id.* at 2190 (emphasis added). In so holding, the Supreme Court noted that the issue of which party should bear the burden of proof on this question was not before them.

The Supreme Court's reservation is unfortunate, because the issue is about as clear as mud. The question of which party should bear the burden of proof in this situation can be credibly argued either way, with legitimate policy goals in support of each position. On the one hand, placing the burden on the equitable claimant would appear to be consistent with the general maxim that the plaintiff bears the ultimate burden of proof in any case and would avoid the undesirable consequence of complicating business transactions with ERISA plans by increasing the costs of parties engaging in such transactions or placing a greater burden on a non-fiduciary than is placed on a co-fiduciary, which would be nonsensical. Similarly, placing

the burden of proof on the party claiming protected status would require that party to in effect prove a negative, that is that they did not have knowledge of the wrongdoing, and shift the essential burden of proof to the defendant. On the other hand, placing the burden on the party claiming protected status is consistent with the general application of the affirmative defenses that can apply in this type of situation. Accordingly, the Court must look to the text of the Supreme Court's opinion in *Harris Trust* and other sources to resolve this issue.

The Supreme Court cited to Scott and Fratcher's *Law of Trusts*, Volume IV, § 284, at 40, as a reference to the conflict of authority on which party bears the burden of proof in non-ERISA cases. The *Law of Trusts* summarizes the burden of proof issue as follows:

> There is a conflict of authority on the question whether the burden of proof is on the holder of the legal title to show that he is a purchaser for value and without notice, or on the equitable claimant to show that the transfer was gratuitous or that the holder had notice. It has been held by the Supreme Court of the United States that the question is not merely one of equity but one of substantive law, and that the federal courts are therefore bound to follow the rule of the state in which the action is brought.

IV *Law of Trusts* § 284, at 40. The treatise then lists cases from California, Kentucky, Massachusetts, Montana, Texas, and Canada that hold that the burden of proof is on the equitable claimant. For the proposition that bona fide purchaser status is an affirmative defense, the treatise cites to *Pleading bona fide purchase of real property as defense*, 1954 WL 9003, 33 A.L.R.2d 1322 (1954), which in turn cites non-ERISA cases from numerous states, including Illinois, holding that bona

fide purchaser status is an affirmative defense for the party claiming that status. *See Brown v. Welch*, 18 Ill. 343, 1857 WL 5581, at *2 (1857); *McGuire v. Gilbert*, 270 Ill. 160, 110 N.E. 377, 379 (Ill.1915). The Court finds this state-specific approach to be very troubling from a legal policy point of view because as applied in ERISA cases, it results in the creation of differing burdens of proof depending on which state the case was filed in. This would seem to undermine the goal of consistency and uniformity in ERISA's statutory scheme.

The citation to the *Law of Trusts* and other language in the Supreme Court's opinion in *Harris Trust* point in two similar, but nevertheless different, directions. While the citation to the *Law of Trusts* suggests a comparison of the issue facing a party-in-interest to a prohibited ERISA transaction to a situation involving an individual claiming bona fide purchaser status under traditional trust law, the Supreme Court also refers to "the analogous situation of property obtained by fraud." In this respect, the Supreme Court noted:

> As we long ago explained in the analogous situation of property obtained by fraud: "Whenever the legal title to property is obtained through means or under circumstances 'which render it unconscientious for the holder of the legal title to retain and enjoy the beneficial interest, equity impresses a constructive trust on the property thus acquired in favor of the one who is truly and equitable entitled to the same, although he may never, perhaps, have had any legal estate therein; and a court of equity has jurisdiction to reach the property either in the hands of the original wrongdoer, or in the hands of any subsequent holder, until a purchaser of it in good faith and without notice acquires a higher right and takes the property relieved from the trust.'"

*Harris Trust*, 120 S.Ct. at 2189. Cases for restitution under a constructive trust theo-

ry based on unjust enrichment have recognized a burden on the equitable claimant to demonstrate actual or constructive knowledge of the fiduciary's fraud or breach of trust. *See* 77 Am.Jur.2d Vendor and Purchaser §§ 524, 526, and 530; V *Law of Trusts* § 462.6, *citing Heller v. Jonathan Investments, Inc.,* 113 Ill.2d 60, 99 Ill.Dec. 142, 495 N.E.2d 589 (Ill.1986); *Sutton v. Eastern Viavi Co.,* 138 F.2d 959, 961 (7th Cir.1943).

█ Although neither comparison is perfect when applied to the present context, the Court finds that under the federal and state law applicable to this case, the burden of establishing that the property was purchased "for value," that is that the transaction was not gratuitous but rather involved more than nominal consideration, initially rests with the party claiming the benefit of the exempt status, which in this case is the non-fiduciary Defendants asserted to be parties-in-interest. *See First National Bank of Cicero v. Lewco Securities Corp.,* 860 F.2d 1407, 1411 (7th Cir. 1988), *citing Oscar Gruss & Son v. First State Bank of Eldorado,* 582 F.2d 424, 433 (7th Cir.1978) (noting that the burden is on the party claiming the benefit of the status of a bona fide purchaser); *McGuire v. Gilbert,* 270 Ill. 160, 110 N.E. 377, 379 (Ill.1915) (following the rule of *Brown v. Welch,* 18 Ill. 343 (1857), that where equitable relief is sought, whether a defendant is a bona fide purchaser for a valuable consideration is for him to show in his defense).

Once this showing of a purchase for value has been made, a presumption of good faith attaches and remains until overcome by proof that the transferee acted with actual or constructive notice of a breach by the trustee or other fiduciaries to the plan. 77 Am.Jur.2d Vendor and Purchaser §§ 524, 526, and 530; *Sutton,* 138 F.2d at 961 (finding that in an action for restitution of trust funds following a trustee's breach, the plaintiff must aver and prove "actual knowledge or notice of such facts as would cause a reasonably prudent person to believe that the fiduciary is committing a breach of trust.") This is consistent with the above cited comment by the Supreme Court in *Harris Trust* that strongly suggests that the party seeking to recover against the party-in-interest would bear the burden of proof with respect to the knowledge component of the inquiry. The phrase "the transferee must be demonstrated to have had actual or constructive knowledge" would be nonsensical if the party-in-interest had the burden of proof on this question; if that were the case, one would reasonably have expected the requirement to have been stated in the negative, such as "the transferee must demonstrate that it did not have actual or constructive knowledge." [1]

This holding is also consistent with Pre-*Harris* case law suggesting that the burden of demonstrating knowledge should rest with the plaintiff, as well as the principle in the common law of trusts that where a person is seeking to impose a constructive trust, that person has the burden of establishing the facts that give rise to the trust. *See Diduck v. Kaszycki & Sons Contractors, Inc.,* 974 F.2d 270, 282–83 (2nd Cir.1992); V *Law of Trusts* § 462.6, *citing Jacoby v. Shell Oil Co.,* 196 F.2d 855 (7th Cir.1952); *National Waste Co. v. Spring Packing Corp.,* 200 F.2d 14 (7th Cir.1952); *Wood v. Armstrong,* 401 Ill. 111, 81 N.E.2d 468 (1948); *Heller v. Jonathan Investments, Inc.,* 113 Ill.2d 60, 99

---

1. On page 160 of their response, Plaintiffs set forth what is apparently their interpretation of this language in a manner that suggests that it is a direct quote from the Supreme Court. The presentation of this argument is at best misleading. The Court admonishes counsel to take special care to avoid this type of presentation in future pleadings.

Ill.Dec. 142, 495 N.E.2d 589 (1986). Furthermore, if the Supreme Court had wanted to indicate that the applicable defense was nothing more than a bona fide purchaser defense with the burden of proving both that the purchase was for value and without knowledge of any breach by the fiduciary solely to be borne by the transferee, there would have been no need to note conflicting authority on the burden issue, as the Supreme Court had previously held in 1915 that a bona fide purchase for value was an affirmative defense. *See Wright–Blodgett Company v. United States*, 236 U.S. 397, 35 S.Ct. 339, 341, 59 L.Ed. 637 (1915).

■ It is well-established that the ultimate burden of proof must rest with the plaintiff. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S.Ct. 1775, 1788, 104 L.Ed.2d 268 (1989). That being said, it is equally well-established that there are also instances when, after a plaintiff has made a threshold showing, the burden shifts to a defendant to affirmatively establish a particular defense. In summary, after extensive research leading to no definitive answer, the Court concludes that the best way to resolve the competing legal burdens and policy goals is to hold that once Plaintiffs establish that the purchases of stock by the ESOP constituted a prohibited transaction under § 406, § 502(a)(3) then provides a right of action to seek appropriate equitable relief from parties-in-interest to redress the violation. *Harris Trust*, 120 S.Ct. at 2188, *citing* § 502(*l*)(1)(B). Borrowing from the law of trusts, the Defendants can then invoke the substantive equivalent of a modified bona fide purchaser defense by establishing that they gave value for the trust property. If the Defendants are able to make such a showing, a presumption of good faith attaches, and the burden shifts back to the Plaintiffs to establish that Defendants acted in bad faith or had actual or constructive notice of the circumstances that rendered the transaction unlawful.

■ The present motion does not focus on the "value" given by Dickes in the ESOP transaction, but rather focuses on his claimed lack of knowledge of the alleged breach by the plan fiduciaries. Plaintiffs have since conceded that they do not contest that the stock purchase transactions were "for value" in the sense that they were not gratuitous. That leaves the question of Dickes' knowledge or lack thereof.

In this respect, the record reflects a genuine issue of material fact requiring resolution at trial. Dickes occupies a rather unique position in this case, because while this Court has found that he was not a fiduciary to the ESOP, he was in a position that afforded him access to much of the same information that was available to the plan fiduciaries. Dickes has presented facts indicating that he was aware that the transaction was being approved by competent professional advisors and relied on their determinations. However, Plaintiffs have also introduced evidence, which when construed in the light most favorable to Plaintiffs as the non-moving party, could support the reasonable conclusion that Dickes had constructive knowledge of circumstances that rendered his reliance on those determinations unreasonable and should have placed him on notice that the transaction could be unlawful.[2]

---

**2.** Parenthetically, the Court notes that several of the factual assertions made by Plaintiffs in an attempt to demonstrate Dicker's knowledge involve facts known to other officers at F & G or bear no information indicating that Dickes was a recipient of the information.

While the Court has determined that there is enough evidence in the record to create a genuine issue of material fact when construed in the light most favorable to the Plaintiffs, Plaintiffs are hereby placed on notice that "guilty by association" is not enough to pre-

As the Court has previously held in this case, questions of this nature are plainly issues of fact involving assessments of credibility to be resolved at trial. Accordingly, Dickes' Motion for Summary Judgment must be denied in this respect.

■ Alternatively, Dickes argues that Plaintiffs' case for equitable restitution is fatally flawed as a result of their failure to introduce evidence demonstrating that he was unjustly enriched by the 1995 stock purchase transaction. While this assertion was correct during the initial briefing stages of this motion, the Court has determined that the interests of justice required that Plaintiffs be allowed to supplement the record with the expert testimony of James Hitchner. This testimony is now of record and will be considered for what it is worth. The remaining arguments go to the weight of this evidence, which is not presently before the Court and are inappropriate for resolution on summary judgment.

However, the Court is not unsympathetic to the claims of prejudice by Defendants as a result of the tardy introduction of this evidence into the record. Accordingly, the Court will reopen expert discovery for 30 days for the limited purpose of permitting Dickes, and any other defendant who did not retain a responsive expert based on the belief that Plaintiffs had no expert testimony on valuation, to retain/disclose or adopt appropriate expert testimony on the valuation issue.

■ As there can be no liability of non-fiduciary parties-in-interest absent the existence of a prohibited transaction under § 406(a) which does not qualify for exemption under § 408(e), it has occurred to the Court that the most prudent means of proceeding at trial and protecting all parties from incurring unnecessary expense may be to bifurcate the trial to proceed first with the claims against the fiduciaries. If Plaintiffs are able to demonstrate a non-exempt prohibited transaction and basis for liability against the fiduciary defendants, then the remaining equitable claim against the non-fiduciary parties-in-interest would be tried; if Plaintiffs are unable to make such a showing, there would be no reason for trial on Count IX, as the Defendants named in that count would necessarily be entitled to judgment in their favor. The Court welcomes any input from the parties as to the appropriateness of bifurcation.

■ Finally, Dickes asserts that he is entitled to summary judgment with respect to the 1997 stock purchase transaction. The Court agrees. It is undisputed that the 1997 stock purchase was funded by a gift of funds to the ESOP for the specific purpose of purchasing the additional shares of F & G stock and that the gift would not have been made for any other purpose. Thus, the 1997 transaction was a no lose proposition for the ESOP, as it allowed the ESOP to increase its majority ownership without incurring any additional debt.

More importantly, as Dickes had a put right entitling him to sell his shares to F & G for the same price that he received via the purchase by the ESOP, he received precisely what he would have received if he had sold his shares to F & G as originally contemplated, and there is by definition no unjust enrichment. Plaintiffs make no effort to respond to this argument or to refute the factual assertions upon which it is premised. As the constructive trust remedy sought by Plaintiffs is dependent upon proof of unjust enrichment, the Court finds that Plaintiffs are

vail at trial, and to establish liability against Dickes, they must establish *his* knowledge of

the circumstances that rendered the transaction unlawful.

not entitled to the equitable relief sought with respect to the 1997 transaction as a matter of law, and Dickes is entitled to summary judgment on this aspect of Count IX.

## CONCLUSION

For the reasons set forth above, Defendant Dickes' Motion for Summary Judgment [# 318] is GRANTED IN PART and DENIED IN PART.